In the Matter of the Estate of MARY ANN CRANDALL, Deceased.

Surrogate's Court, Saratoga County, June 21, 1932.

*Charles M. Harrington*, for the petitioner Prudence Marie Crandall, administratrix of Alvah Crandall, deceased.

*Anthony J. LaBelle*, for Sarah A. McTygue, administratrix of Mary Ann Crandall, deceased, and for James H. McTygue.

TUCK, S.   Letters of administration of the estate of Mary Ann Crandall, deceased, were issued by the Surrogate's Court of Saratoga county on February 1, 1932, upon the petition of James H. McTygue and Sarah A. McTygue to Sarah A. McTygue, one of the petitioners.

Among the jurisdictional facts set forth in the petition is the allegation that every person concerning whom the court is required to have information, so far as they can be ascertained with due diligence, are: Sarah A. McTygue, Saratoga Springs, N. Y., cousin; James H. McTygue, Saratoga Springs, N. Y., cousin.

The present proceeding was instituted by a petition filed March 9, 1932, and among other things alleges that Prudence Marie Crandall is the widow of Alvah Crandall, deceased, and that letters of administration of his estate were duly issued to her by the Surrogate's Court of Clinton county on April 29, 1924.

The petition further alleges that Alvah Crandall was the only child of Mary Ann Crandall, and that he died at the city of Saratoga Springs on June 7, 1922, leaving him surviving Prudence Marie Crandall, his widow, and Mary Ann Crandall, his mother, his only next of kin.

The petition further alleges that, upon the application for letters of administration of the estate of Mary Ann Crandall in the Surrogate's Court of Saratoga county, no notice of such application was served upon Prudence Marie Crandall, the administratrix of Alvah Crandall.

The petition prays that letters of administration heretofore issued to Sarah A. McTygue upon the estate of Mary Ann Crandall be revoked and a citation to show cause to that effect was duly issued and served upon Sarah A. McTygue and James H. McTygue, and was returned with proof of service on the 22d day of March, 1932.

The facts above set forth are not disputed.   The question presented for determination is as to the right of Prudence Marie Crandall, as administratrix of Alvah Crandall, deceased, to letters of administration of the estate of Mary Ann Crandall by reason of the fact of her appointment as administratrix by the Surrogate's Court of Clinton county.

The contention of Prudence Marie Crandall is that she is the legal representative of a child of Mary Ann Crandall and as such legal representative is entitled under the Statutes of Distribution

in preference to Sarah A. McTygue and James H. McTygue and by reason thereof is entitled to letters of administration of the estate of Mary Ann Crandall, deceased.

A review of all the authorities presented by the counsel herein inclines the court to the opinion that a person who is a legal representative by reason of having been appointed or qualified by a Surrogate's Court is not a legal representative in the sense of being a person entitled to take under the Statutes of Distribution.

In the opinion of this court when Alvah Crandall died intestate and without issue the line of inheritance through him ceased so far as any inheritance from his surviving mother was concerned, and that upon her death intestate the persons entitled to take any share in her estate were her nearest next of kin, who, in this case, were Sarah A. McTygue and James H. McTygue.

The court, therefore, finds and determines that Prudence Marie Crandall is not entitled, either as the widow of Alvah Crandall or as the administratrix of his estate, to any share in the estate of Mary Ann Crandall, deceased, and by reason thereof that she is not entitled to letters of administration of the estate of Mary Ann Crandall, deceased, and that her petition for revocation of the letters heretofore issued to Sarah A. McTygue should be, and it is, denied.

Submit order accordingly upon notice.